CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
APR 27 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

KURT T. SCHLEGEL,

    *Plaintiff,*

v.

BANK OF AMERICA, N.A.,

    *Defendant*

CIVIL NO. 3:07cv00022

ORDER and OPINION

JUDGE NORMAN K. MOON

This matter is before the Court on Defendant's Notice of Removal, filed on April 24, 2007 (docket entry no. 1).

Defendant asserts that it is entitled to remove the case under 28 U.S.C. § 1441 on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a), but Defendant has not properly demonstrated that this Court has diversity jurisdiction. The burden to demonstrate the propriety of removal is on the party seeking to invoke jurisdiction. *See* 28 U.S.C. § 1446(a) (2000).

Here, Defendant alleges that Plaintiff is a citizen of Virginia and that Defendant is a "national banking association with its principal place of business in North Carolina." Under federal law, national banking associations are "deemed citizens of the States in which they are … located." 28 U.S.C.A. § 1348 (West 2007). In 2006, the Supreme Court interpreted § 1348 to mean that—for diversity of citizenship purposes—a national banking association "is a citizen of the State in which *its main office, as set forth in its articles of association*, is located." *Wachovia Bank v. Schmidt*, 126 S. Ct. 941, 945 (2006) (emphasis added). Defendant has alleged only that its principal place of business is in North Carolina without referring to the state in which its main

- 1 -

office—as set forth in its articles of association—is located.[1]

Second, Defendant also failed to allege the existence of diversity at the time the action commenced and at the time Defendant filed the Notice of Removal. Defendant has merely alleged that diversity exists without temporal specificity. For removal purposes, diversity must exist both at the time that the action commences and at the time that the defendant files a notice of removal. *See, e.g.*, *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002); *Ryan ex rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *United Food Local 919 v. Centermark Props.*, 30 F.3d 298, 301 (2d Cir. 1994). Therefore, in a notice of removal, the defendant must allege the existence of diversity jurisdiction at both of these times. *See Hubbard v. Tripp*, 611 F. Supp. 895, 896 (E.D. Va. 1985); *W. Reserve Life Assurance Co. of Ohio*, 570 F. Supp. 8, 10 (M.D. Tenn. 1983).

The inclusion of this information in a notice of removal is not a mere formality designed to trap the unwary. Rather, it performs the essential function of providing information that allows the Court to satisfy itself that a requirement for jurisdiction has been satisfied, which, in turn, would allow removal. Because Defendant has failed to provide this information, the Court has no way of verifying that complete diversity exists. Defendant must therefore conform its notice of removal to allege the citizenship of both parties in accordance with the direction above so the Court can ensure that complete diversity exists.

---

[1] A national banking association's "principal place of business" could be the same state as the one in which its main office as set forth in its articles of association is located, but the two phrases should not be used interchangeably. The "principal place of business" test is relevant to a corporation's citizenship under 28 U.S.C. § 1332(c)(1); as discussed above, the "main office, as set forth in its articles of association" test is relevant to a national banking association's citizenship under 28 U.S.C. § 1348. Typically, courts use a "total activity" test to determine a corporation's principal place of business. *See, e.g.*, 20 Charles Alan Wright & Mary Kay Kane, Federal Practice and Procedure, Federal Practice Deskbook § 29 (2002) ("[T]he "total activity" test … looks to the place where the bulk of the corporate activity takes place, if there is any one state in which this is true, while resorting to the location of the home office only if the corporation's activities are dispersed among several states and no one state clearly predominates."). But a national banking association's articles of association could set forth a different state

Defendant is hereby ORDERED TO SHOW CAUSE within fourteen days of the date of this Order why this action should not be dismissed for lack of subject matter jurisdiction. The filing of an amended Notice of Removal that establishes federal subject matter jurisdiction will be deemed responsive to this Order.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

Date: April 27, 2007

---

for its main office than the one determined to be its principal place of business.